UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KRISTEN GOOCH,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MERCK, SHARP & DOHME CORP, d/b/a MERCK,<br><br>　　　　　　Defendant. | Case No. 2:12-cv-02176-APG-CWH<br><br>Order Denying Defendant's Motion for Summary Judgment and Dismissing the Case Without Prejudice<br><br>(Dkt. No. 21) |

The parties are aware of the factual and procedural history of this case. In short, plaintiff Kristen Gooch claims that her former employer, defendant Merck, Sharp & Dohme Corp. ("Merck"), owes her severance pay in excess of $90,000 under the Severance Benefit Plan (the "Plan")[1] in effect at the time of her termination. Gooch filed a complaint in Nevada state court asserting causes of action for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of fiduciary duty; and (4) unjust enrichment.[2] Merck removed the case to this Court on two bases: federal question jurisdiction on the grounds that the Employee Retirement Income Security Act ("ERISA")[3] preempts Gooch's state-law claims, and diversity jurisdiction because Gooch is a citizen of Nevada, Merck is incorporated in and has its principal place of business in New Jersey, and the amount in controversy—at least $90,000, as pleaded by Gooch—exceeds the statutory minimum of $75,000.[4] At the least, this Court has diversity jurisdiction to hear this case.

---

[1] (Dkt. No. 22-1.)

[2] (Compl., Dkt. No. 1 at 10–14.)

[3] 29 U.S.C. §§ 1001–1461.

[4] (Notice of Removal, Dkt. No. 1 at 3–5.)

Merck has moved for summary judgment, contending that (1) the Plan is an ERISA benefits plan and therefore governed by ERISA; (2) Gooch's state-law claims are preempted by ERISA; (3) Gooch failed to exhaust her administrative remedies as required under ERISA; and (4) even if Gooch exhausted her administrative remedies, the evidence indicates that Merck's decision to deny severance pay was not arbitrary or capricious.[5]

In response, Gooch agrees that the Plan is governed by ERISA, that ERISA preempts her state-law claims, and that she has not exhausted her administrative remedies.[6] She requests that I dismiss her claims without prejudice so that she may pursue an administrative remedy.[7] In light of Gooch's admissions, I agree that dismissal without prejudice is the appropriate course of action. "Exhaustion of internal administrative procedures is ordinarily required as a prerequisite for filing a civil action" under ERISA.[8]

**IT IS THEREFORE ORDERED** that this case is dismissed so that Gooch may pursue an administrative remedy under the Severance Benefits Plan. Dismissal is without prejudice as to any of the parties' claims or defenses.[9]

**IT IS FURTHER ORDERED** that Merck's motion for summary judgment (Dkt. No. 21) is DENIED as moot.

Dated: August 11, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[5] (Dkt. No. 21.)

[6] (Dkt. No. 22 at 4, 6.)

[7] (*Id.* at 6.)

[8] *Cann v. Carpenters' Pension Trust Fund for N. Cal.*, 989 F.2d 313, 315 (9th Cir. 1993).

[9] In so ruling, I make no finding or conclusion as to whether Gooch has a right to pursue an administrative remedy, whether she has waived any such right, and whether such an attempt would be timely. Merck retains all affirmative defenses.